Vincent A. Lupiano, J.
Motion by the individual defendants and cross motion by the corporate defendants for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a]).
In essence the plaintiff is seeking money damages sustained by reason of a transfer of stock and the setting aside of an inter vivos trust allegedly based on fraud and undue influence and the further equitable relief of enjoining the defendants from selling the aforesaid stock.
Plaintiff’s allegations, that she has filed objections to the will in the Surrogate’s Court, New York County, and that she may become a distributee of half of the corporate stock or that the will may be set aside, fail to set forth any facts that this plaintiff has the legal capacity to sue or that she is the proper party in interest at this time.
Neither a distributee nor a legatee under a will has any legal right to maintain an action to recover assets of an estate.
Plaintiff herein is merely a distributee of the estate under the will in question and, as such, has no capacity to maintain the action (Faiello v. Li Castri, 2 A D 2d 749).
The duty properly to administer the assets of an estate is vested in the executors and no showing of special circumstances is made as would indicate the plaintiff cannot secure full and adequate relief through appropriate proceedings in the Surrogate’s Court (Steuer v. Hector’s Tavern, 1 A D 2d 1003). Accordingly, in light of the aforesaid and under the circumstances herein, the respective motions to dismiss the complaint are granted.